```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LARRY KRAMER,                      :
        Plaintiff
                                   :

        vs.                        :    CIVIL NO. 1:CV-05-0704

MARK STEWART, JOHN DePAUL,         :
JAMES M. McCLURE, and
KENNETH BAKER,                     :
        Defendants
```

M E M O R A N D U M

I.   Introduction

We are considering a motion, filed by Defendant, James McClure, to dismiss the claims against him made in the amended complaint. The Plaintiff, Larry Kramer, filed suit against multiple defendants alleging violations of 42 U.S.C. § 1983 and Pennsylvania tort law. With respect to Defendant McClure, Kramer alleges that McClure conspired with various others to violate his First Amendment right of access to the courts and various Pennsylvania tort laws.

II.  Standard of Review

In ruling on a motion to dismiss we must accept as true the factual allegations in the complaint and construe any inferences to be drawn from them in the Plaintiffs' favor. *GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 236 (3d Cir.

2004)(internal citations omitted).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Angstadt v. Midd-West School Dist.*, 286 F.Supp.2d 436, 439 (M.D.Pa. 2003)(*citing General Motors Corp. v. New A.C. Chevrolet*, 263 F.3d 296, 333 (3d Cir.2001)).

III. Discussion

McClure argues that we should dismiss the amended complaint in its entirety.  First, he contends that Kramer has failed to plead actual injury.  Second, he maintains that the Plaintiff has failed to allege sufficient facts to support a § 1983 conspiracy claim.  Next, he argues that Kramer has failed to allege facts that show McClure was a state actor.  Finally, he contends that the Defendant has failed to allege any facts to support his state law claims.

A. Actual Injury

In order for Kramer to prevail in his claim alleging a conspiracy to deny access to the courts, he must allege that he suffered an actual injury as a result of the Defendant's interference with a legal claim that he either brought or could have brought in the courts.  *Lewis v. Casey*, 518 U.S. 343, 351-2, 116 S. Ct. 2174, 2180, 135 L. Ed. 2d 606, 618-9 (1996);

2

*Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997)("[E]ven claims involving so-called central aspects of the right to court access require a showing of actual injury."); *Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997)("Under *Lewis*, [the defendant] must point to evidence of actual or imminent interference with access to the courts."); *see Garland v. Horton*, 129 Fed. Appx. 733, 735-6 & n. 4 (3d Cir. 2005)(non-precedential)(affirming dismissal of § 1983 action for denial of access to the courts where plaintiff did not allege actual injury.).  The Defendant argues that the amended complaint is void of any reference to an actual injury and, as a result, it should be dismissed.  Kramer contends that the actual injury he suffered is "plain from the face of the complaint."  (Doc. 15, Pl. Opp. Brief, p. 3).  He maintains that he was deprived of his liberty in violation of the First Amendment by being forced to appear in court; that he suffered a due process violation under the Fourteenth Amendment; and that he was unlawfully seized in violation of the Fourth Amendment.

After an examination of the amended complaint, we must agree with Defendant McClure that no actual injury has been alleged by the Plaintiff.  Contrary to the Plaintiff's assertions, an allegation of actual injury cannot be inferred from a reading of the amended complaint.  Kramer has alleged that McClure violated his right of access to the courts.  (Doc.

3

3, Amend. Compl. ¶¶ 12, 25). Therefore, he must allege that the Defendant, in some way, "hindered [his] efforts to pursue a legal claim." *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997)(*citing Lewis*, 518 U.S. at 351, 116 S. Ct. at 2180, 135 L. Ed. 2d at 618). The Plaintiff's amended complaint, however, lacks any allegation that the Defendant's actions have prevented him from pursuing any claim. At most, he alleges that McClure's action have made him subject to a court order which he believes to be unlawful. This is not sufficient to state a claim for a violation of his right of access to the courts. As such, his claim, that the Defendant conspired to violate his right of access to the courts, must be dismissed.[1] *See Monsky*, 127 F.3d at 247 (affirming dismissal of § 1983 action for violating right of access to the courts where plaintiff failed to allege actual injury).

   B.   State Law Claims

   The Defendant also moves to dismiss the state law claims in the amended complaint. The Plaintiff alleges that McClure has "[violated] his rights under Pennsylvania tort law, including his right to free of civil conspiracies, and [claims]

---

[1] Having found that the Plaintiff failed to allege an actual injury, we need not address whether he adequately pled a conspiracy or that McClure was a state actor for purposes of stating a claim pursuant to § 1983.

4

damages for the abuse of process and the wrongful use of civil proceedings." (Doc. 3, Amend. Compl. ¶ 27). McClure argues that the Plaintiff has not sufficiently pled his state law claims. Kramer contends that all of the elements have been pled.

To state a claim for a civil conspiracy under Pennsylvania law, one must allege "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Smith v. Wagner*, 403 Pa. Super 316, 322-3, 588 A.2d 1308, 1311-2 (Pa.Super. 1991). Assuming, *arguendo*, that the Plaintiff has alleged the first two elements, we cannot find that he has pled "actual legal damage." Kramer has not pled what, if any, damage resulted from the alleged conspiracy.

Under Pennsylvania law, a plaintiff states a claim for abuse of process by averring that "(1) [the defendant] used a legal process against the plaintiff; (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Harris v. Brill*, 844 A.2d 567, 572 (Pa.Super. 2004). In the instant case, the Plaintiff has alleged that the Defendant brought him into court for a proceeding, but he fails to allege what that proceeding was, or

5

how the purpose of the proceeding was improper, or what harm he suffered.  Thus, he cannot state a claim for abuse of process.

Finally, a plaintiff states a claim for wrongful use of a civil proceeding if it is alleged that:

> 1) [the defendant] act[ed] in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and (2) [t]he proceedings have terminated in favor of the person against whom they are brought.

*Werner v. Plater-Zybrek*, 799 A.2d 776, 786 (Pa.Super. 2002).  It is clear from the amended complaint that the proceedings initiated by the Defendant in state court were *not* terminated in favor of Kramer.  As such, he cannot satisfy the second element of a claim for wrongful use of a civil proceeding.

For the reason discussed above, we will dismiss the state law claims against the Defendant and will issue an appropriate order.

<pre>
                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge
</pre>

Date: July 14, 2005

```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

LARRY KRAMER,                       :
      Plaintiff
                              :

      vs.                           :   CIVIL NO. 1:CV-05–0704

MARK STEWART, JOHN DePAUL,          :
JAMES M. McCLURE, and
KENNETH BAKER,                      :
      Defendants


### O R D E R

AND NOW, this 14th day of July, 2005, it is ordered that Defendant McClure's motion to dismiss (doc. 6) is granted. All claims by Plaintiff against Defendant McClure are dismissed.


                                            /s/William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge